48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Yueal BUTLER, Plaintiff-Appellant,
v.
Billy COMPTON; Michael Stuart; Howard Lowrey; Lorie
Barnett; Larry Williams; Lovelady, IRC,
Defendants-Appellees.
 No. 94-5464.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1995.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges, and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Yueal Butler appeals a district court order dismissing as frivolous Butler's complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and declaratory relief, Butler sued several Tennessee correctional personnel in their individual and official capacities, alleging that they violated his Eighth Amendment and Fourteenth Amendment due process rights by not protecting him in a fight between two other inmates and improperly sentencing him to disciplinary segregation. The district court determined that Butler's claims were frivolous and dismissed the case. Butler has filed a timely appeal, in which he requests the appointment of counsel.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Butler's Eighth Amendment claims as frivolous, because his claims do not have an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Butler has not shown that any action or inaction by the defendants resulted in the violation of his Eighth Amendment rights. See Cameron v. City of Pontiac, Mich., 813 F.2d 782, 786 (6th Cir.1987).
 
 
 5
 We further conclude that the district court improperly dismissed Butler's Fourteenth Amendment due process claims as frivolous. An inmate may be deprived of his liberty interest not to be placed in disciplinary confinement if he receives: (1) advance written notice of the hearing at least 24 hours in advance; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and to present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). This circuit has added that when a prison disciplinary board relies upon evidence supplied by a secret informant, "[a] contemporaneous written record must be made of the evidence relied upon." Hensley v. Wilson, 850 F.2d 269, 283 (6th Cir.1988). If institutional safety is jeopardized by the public disclosure of such information, it may be placed in a non-public record for appellate review. Id. The requirements of due process are met if some evidence supports the decision of the prison disciplinary board. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 6
 Prison records show that the disciplinary board generally met the procedural requirements dictated by the Supreme Court in Wolff, but not the evidentiary standard established in Hill and expanded upon by this Circuit in Hensley. The disciplinary board's records demonstrate that Butler received 24 hour written notice in advance of the hearing, that he was represented by an inmate advisor, and that he had an opportunity to cross-examine the witnesses in the matter. He also testified that he was only attempting to break up the fight and was not participating in the fight. Up to this point, the disciplinary board's actions conformed with due process.
 
 
 7
 The disciplinary board's report indicates that the board relied on the information provided in the initial write-up of the incident, testimony provided by the witnessing officers, and testimony provided by a confidential informant. Because the written record contains no evidence suggesting that Mr. Butler actively participated in the assault in question, it appears that the board relied significantly on the informant's testimony. The board failed to provide a contemporaneous written assessment of the informant's reliability, thereby violating the procedure Hensley mandates, In light of this failure, Mr. Butler's due process claims are not frivolous.
 
 
 8
 Accordingly, we deny Butler's request for counsel, affirm the district court's judgment dismissing Butler's Eighth Amendment claims, vacate the district court's judgment dismissing his due process claims, and remand the case for further proceedings not inconsistent with this order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation